IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATE OF AMERICA,

    Plaintiff,                                      Case No. 20-CV-1003

vs.

$91,510.00 IN UNITED STATES
FUNDS SEIZED FROM ACCOUNTS
HELD IN THE NAME OF, AND
ACCESSIBLE TO, PELE KIZY AT
BANK OF AMERICA,

    Defendant.
_____/

## CLAIMANT, PELE KIZY'S ANSWER TO COMPLAINT

NOW COMES Claimant, Pele Kizy, by and through his attorney, Jorin G. Rubin, for his Answer to Complaint and state as follows responsive to the paragraphs of the Complaint:

    1.    Claimant neither admits nor denies the allegations in paragraph 1 for the reason that the allegations are a conclusion of law to which no response is required.

    2.    Claimant neither admits nor denies the allegations in paragraph 2 for the reason that the allegations that the allegations are a conclusion of law to which no response is required.

    3.    Claimant admits the allegations contained in paragraph 3.

    4.    Claimant admits the allegations contained in paragraph 4.

5. Claimant neither admits nor denies the allegations contained in paragraph 5 for the reason he is without knowledge with which to respond.

6. Claimant admits that Exhibit A was attached to the Complaint. Claimant denies that the facts and circumstances set forth therein support the seizure and forfeiture of the defendant property. To the extent Plaintiff relies on specific facts in Exhibit A, Claimant responds as follows to the paragraphs in it:

   a. Claimant neither admits nor denies the allegations in paragraph 1-14 and 17 for the reason he is without knowledge with which to respond as these allegations describe the investigation of the agents and leaves Plaintiff to its proofs.

   b. Claimant admits the allegations in paragraph 15a and 16a.

   c. Claimant neither admits nor denies the allegations in 15b(i) and (ii) and 16b for the reason that the bank records speak for themselves and were referenced but not provided.

   d. Claimant denies that the allegations in paragraph 18 for the reason they are untrue and leaves Plaintiff to its proofs.

7. Claimant denies the allegations in paragraph 7 for the reason they are untrue and leaves Plaintiff to its proofs.

8. Claimant admits the allegations contained in paragraph 8.

## JURY DEMAND

Claimant respectfully requests a trial by jury in this case.

## CONCLUSION AND RELIEF

WHEREFORE, Claimant respectfully asserts that the Defendant property is not forfeitable to the United States pursuant to the statutes cited; and that the ownership interest of the Claimant be recognized and provisions made therefore; and that the Claimant have such other and further relief as this Court shall determine.

## AFFIRMATIVE DEFENSES

1. The Defendant property is not forfeitable to the United States pursuant to 21 U.S.C. §§ 801 or 881.

2. The Complaint does not state with particularity the necessary facts that the Defendant property is subject to forfeiture, pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims Rule C(2) applicable to civil forfeiture, 28 U.S.C. § 2451.

3. The Complaint does not state a claim upon which relief can be granted.

4. The allegations of the Complaint do not establish probable cause for forfeiture of the Defendant property.

5. The allegations in the Complaint do not allege a sufficient nexus or substantial connection between the Defendant property and the alleged criminal act(s).

6.      The allegations of the Complaint are not sufficiently reliable to warrant the belief of a reasonable person that the Defendant property were used to further the alleged criminal acts.

7.      The Claimant is the innocent owner of the Defendant property and any criminal acts alleged were done without the knowledge of the Claimant/owner.

8.      The Claimant was not involved in the alleged criminal act(s).

9.      The Claimant is an innocent owner of the Defendant property.

10.     The Claimant has ownership interests in the Defendant property superior to the United States.

11.     Plaintiff cannot forfeit the Defendant property because it violates the Claimant's constitution right to be free from illegal searches and seizures.

12.     Plaintiff cannot forfeit the Defendant property because that result would be constitutionally disproportionate and an excessive fine under the Eighth Amendment of Constitution.

                                   Respectfully submitted,

                                   __/s/__Jorin G. Rubin_
                                   Jorin G. Rubin (P60867)
                                   Law Office of Jorin G. Rubin, PC
                                   Attorney for Claimant
                                   600 S. Adams Road, Suite 300
                                   Birmingham, Michigan 48009
                                   (248) 799-9100

Dated:  January 15, 2021